**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony David Nelson, ) | No. CV 05-1054-PHX-MHM (GEE) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joe Arpaio, et al., ) | |
| Defendants. ) | |

On April 6, 2005, Plaintiff Anthony David Nelson, presently confined in the Arizona State Prison Complex-Florence, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint with leave to amend on August 2, 2005 (Doc. #8). Plaintiff filed a First Amended Complaint on August 30, 2005 and a Second Amended Complaint on September 28, 2005. Plaintiff paid the two hundred fifty dollar ($250.00) filing fee on May 17, 2005.

Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived and defendants named in an original complaint who are not named in an amended complaint are dismissed. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Second Amended Complaint with respect to only those defendants named in the Second Amended Complaint.

**TERMPSREF**

**Statutory Screening**

The Court is required to screen complaints and amended complaint brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. § 1997e(a).

**Second Amended Complaint**

The following are named as Defendants to the Second Amended Complaint: 1) Maricopa County Sheriff Joe Arpaio; 2) John Doe 1, Transportation Officer #930, Maricopa County Sheriff's Office; 3) John Doe 2, Transportation Officer, Maricopa County Sheriff's Office; 4) John Doe 3, Transportation Officer, Maricopa County Sheriff's Office; and 5) Maricopa County. Plaintiff seeks money damages.

Plaintiff's sole ground for relief in the Second Amended Complaint is that he was subjected to the excessive use of force by Defendant Transportation Officers in violation of the Fourteenth Amendment. Specifically, Plaintiff alleges that while handcuffed and shackled, he was twice dragged by the chain around his ankles, so that his face and head were dragged on the floor, and that an officer held Plaintiff's head to the floor with his foot while sewage from an overflowing toilet got into Plaintiff's mouth, eyes, and the cuts on his face. Plaintiff further states that these officers were under investigation for similar conduct but that no action was taken. These allegations adequately state a claim and the Court will require Defendants Arpaio, John Doe 1 (Transportation Officer #930), John Doe 2, and John Doe 3 to file an answer to the second amended complaint.

Although Plaintiff has alleged his claim with enough specificity to require an answer, the Court will not direct that service be made on John Doe Defendants at this time. Generally, the use of John or Jane Doe-type appellations to identify defendants is not

favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified defendant. However, the Court will not dismiss the claim against the John Doe Defendants at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his Complaint to name them. Plaintiff may amend his Complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). After any Defendant has filed an answer or other responsive pleading, however, Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint.[1]

**Dismissal of Defendant Maricopa County**

Local government bodies, such as Arizona counties, are persons under § 1983 and may be sued for constitutional injuries. Liability may be imposed on the county if a plaintiff establishes that his injuries were inflicted pursuant to an official county policy or custom. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989) (citations omitted). Official county policy may only be set by an official with "final policymaking authority." Id. (citing Pembaur v. City of Cincinnati, 475 U.S. 469, 481-83 (1986) (plurality opinion)). In this case, Plaintiff does not allege that any of the named defendants acted in accordance with a policy or custom of Maricopa County. Maricopa County must therefore be dismissed from this action.

**Motion to Appoint Counsel**

---

[1] Plaintiff should note that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

1  On January 23, 2006, Plaintiff filed a Motion to Appoint Counsel (Doc. #11).
2  Appointment of counsel under 28 U.S.C. §1915(e)(1) is required only when "exceptional
3  circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A
4  determination with respect to exceptional circumstances requires an evaluation of the
5  likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims
6  pro se in light of the complexity of the legal issue involved. Id. "Neither of these factors is
7  dispositive and both must be viewed together before reaching a decision." Id. (quoting
8  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

9  Having considered both elements, it does not presently appear that exceptional
10 circumstances are present that would require the appointment of counsel in this case.
11 Accordingly, Plaintiff's motion for appointment of counsel will be denied.

12 **Rule 41 Cautionary Notice**

13 Plaintiff should take notice that if he fails to timely comply with every provision of
14 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
15 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-
16 61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the
17 Court), cert. denied, 506 U.S. 915 (1992).

18 **IT IS THEREFORE ORDERED** as follows:

19 (1) Defendant Maricopa County is DISMISSED WITHOUT PREJUDICE from this
20 action;

21 (2) The Clerk of Court shall send Plaintiff a service packet including the Second
22 Amended Complaint (Doc. #10), this Order, and both summons and request for waiver forms
23 for Defendants Arpaio and Transportation Officer #930;

24 (3) Plaintiff shall complete and return the service packet to the Clerk of Court within
25 twenty (20) days of the date of filing of this Order. The United States Marshal will not
26 provide service of process if Plaintiff fails to comply with this Order;

27 (4) If Plaintiff does not either obtain a waiver of service of the summons or complete
28 service of the Summons and Second Amended Complaint on Defendants within one hundred

twenty (120) days of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later, the action may be dismissed as to the Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(5) The United States Marshal shall retain the Summons, a copy of the Second Amended Complaint, and a copy of this Order for future use;

(6) The United States Marshal shall notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

   (a) Personally serve copies of the Summons, Second Amended Complaint (Doc. #10), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

   (b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Second Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

**(7) If a Defendant agrees to waive service of the Summons and Second Amended Complaint, the Defendant shall return the signed waiver forms to the United States**

1 **Marshal, not the Plaintiff;**

2 (8) Defendants Arpaio and Transportation Officer #930 shall answer the Second
3 Amended Complaint (Doc. #10) or otherwise respond by appropriate motion within the time
4 provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

5 (9) Any answer or responsive pleading shall state the specific Defendant(s) by name
6 on whose behalf it is filed. The Court may strike any answer or responsive pleading that
7 does not identify the specific Defendant(s) by name on whose behalf it is filed;

8 (10) Plaintiff shall serve upon Defendants, or if appearance has been entered by
9 counsel, upon counsel, a copy of every further pleading or other document submitted for
10 consideration by the Court. Plaintiff shall include with the original document and copy, to
11 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
12 the pleading or document was mailed to Defendants or counsel. Any paper received by a
13 District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court
14 may be disregarded by the Court;

15 (11) At all times during the pendency of this action, Plaintiff shall immediately advise
16 the Court and the United States Marshal of any change of address and its effective date.
17 Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall
18 contain only information pertaining to the change of address and its effective date. Plaintiff
19 shall serve a copy of the notice on all opposing parties. The notice shall not include any
20 motions for any other relief. Failure to file a Notice of Change of Address may result in the
21 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
22 of Civil Procedure;

23 (12) A clear, legible copy of every pleading or other document filed shall accompany
24 each original pleading or other document filed with the Clerk for use by the District Judge
25 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
26 will result in the pleading or document being stricken without further notice to Plaintiff;

27 (13) This matter is referred to Magistrate Judge Glenda E. Edmonds pursuant to Local
28 Rules of Civil Procedure 72.1 and 72.2 for further proceedings; and

(14) Plaintiff's January 23, 2005 Motion to Appoint Counsel (Doc. #11) is DENIED.

DATED this 13th day of June, 2006.

_____
Mary H. Murguia
United States District Judge